IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GARY J. MASON,                                                                                PETITIONER
ADC #132991

v.                                        5:15CV00363-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                        DEFENDANT

## MEMORANDUM AND ORDER

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Gary Mason, an inmate in the Arkansas Department of Correction (ADC). (Doc. No. 2.)

**I.    BACKGROUND**

In 2009, a Scott County, Arkansas, jury found Petitioner, Gary Mason, guilty of rape, sexual indecency with a child, and possession of matter depicting sexually explicit conduct involving a child. (Doc. No. 9-2.) He was sentenced to 300 months' imprisonment for rape and seventy-two consecutive months' imprisonment for sexual indecency with a child. He also received a concurrent sentence of 120 months' imprisonment for possessing matter depicting sexually explicit conduct involving a child. (*Id.*) The Arkansas Court of Appeals affirmed his conviction on appeal and recited the facts as follows:

> On August 1, 2008, Lieutenant Keith Vanravensway of the Scott County Sheriff's Department was called to investigate allegations that Mason has molested a number of neighborhood children. He took statements from five children. With this information, Vanravensway drafted an affidavit for a search warrant. In the affidavit, he alleged that "there is now being concealed certain property, namely, numerous pornographic photographs of at least 5 children under the age of 12 yrs. and pornographic images of children being kept or stored on a computer" at Mason's residence. In support of this allegation, he stated that he had responded to a report of sexual abuse "[w]ithin the past 8 hours," and he outlined the statements he received from the children:

1

> During interviews, victim ... T.E., who is age 12 yrs. stated that Mr. Mason has performed sexual acts on her and other children, and stated that Mr. Mason has taken numerous nude photographs of her. T.E. also stated that Mr. Mason kept a stack of photographs approximately 2 inches high in three possible places in his residence, and that he has shown her the pictures in the past. T.E. stated that the photographs are usually held in a location in Gary Mason's closet, in a computer desk, or possibly in a safe at the residence. T.E. stated that Gary Mason has numerous pornographic magazines in his residence and allows all small children at his residence to view the magazines when they want to.
>
> Victim D.S., who is a 9 yr. old female stated that Gary Mason has performed sexual acts on her, and that on one occasion, while spending the night at his residence, she awoke to find that Gary Mason was photographing her with her clothes off. D.S. stated that Gary Mason keeps several photographs of minor children in his residence, and that the photographs are being kept in Mr. Mason's closet, a computer desk in the residence, or in a small safe on the desk.
>
> Victim B.S., who is a 8 yr. old female stated that Gary Mason had performed sexual acts on her, but did not know about photographs at the residence.
>
> Victim P.S., who is 7 yr. old female stated that Gary Mason has performed sexual acts on her, and that he has taken approximately 10 to 20 pictures of her without her clothing. P.S. stated that Gary Mason has shown her several photographs of other identified victims. P.S. stated that Gary Mason has the photographs hidden in his closet, in a computer desk, in a safe on the desk, and, also, has photographs stored on his computer (hard-drive) in his residence.
>
> Victim T.D., who is a 9 yr. old male stated that Gary Mason has performed sexual acts on him, and that Gary Mason has instructed him on performing sexual acts on other victims, while Gary Mason photographed them. Victim T.D. named off several other victims that have not yet been interviewed. T.D. stated that he has seen several pictures of other victims and stated that the pictures are usually kept in Ms. [sic] Mason's closet, computer desk or safe.

The search warrant was issued, and Vanravensway found photographs of nude children in Mason's bedroom. By information filed April 4, 2008, Mason was charged with rape, sexual indecency with a child, and possessing matter depicting sexually explicit conduct involving a child. Prior to trial, Mason filed motions to

> sever the rape charge from the other charges and to suppress the evidence found in his bedroom. Both motions were denied.
>
> The case proceeded to trial on January 29, 2009. The State called four children who gave statements to Vanravensway. The children often went to Mason's home to play and spend the night. T.E. told the court that Mason would have them play strip poker and cheerlead naked. She also indicated that he put his finger and his tongue inside her "private area" on at least ten occasions. At trial, she identified five pictures of herself. The State also presented the testimony of three other victims. T.D. said that Mason touched him in his private area, took photographs of the children without their clothes, and asked him to touch a naked girl. P.S. testified that four of the pictures were of herself and T.D. and stated that Mason touched her. Finally, D.S. testified that she watched pornographic videos at Mason's home. She also stated that Mason touched her, and she identified two photographs as images of herself. Also admitted into evidence was a letter from Mason to a Monica Dickens, wherein he admitted making "mistakes" and asked her to convince the children to change their story.

*Mason v. State*, 330 S.W.3d 445, 446-448 (2009).

In 2013, Mr. Mason filed in the Jefferson County Circuit Court a pro se petition for declaratory judgement and writ of mandamus against the Arkansas Department of Correction ("ADC") questioning his eligibility for parole based on his sentence. On February 19, 2014, the circuit court dismissed his petition. (Doc. No. 9-3.) The Arkansas Supreme Court affirmed the circuit court's dismissal, holding Mason was required to serve at least seventy percent of his sentence before being eligible for parole or transfer. *Mason v. Hobbs*, 453 S.W.3d 679 (2015). Mason filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 5, 2015. (Doc. No. 9-4.)

On November 10, 2015, Mason filed the instant Petition for Writ of Habeas Corpus, making the same arguments made in his petition for declaratory judgment and writ of mandamus. He argues that: (1) his sentence was unconstitutional enhanced under Arkansas Code Annotated § 16-93-611; (2) the ADC has usurped the power of the judiciary by modifying his sentence; and (3) he was denied due process of law by the application of the statute without notice. (*Id.*)

Respondent countered that Mason's claims have been reasonably adjudicated by the state courts and thus should be disposed of under the deferential standard of review mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. No. 9.) Mr. Mason has replied and opposes that position. (Doc. No. 10.)

After careful consideration of the Petition, Response, and Reply, for the following reasons, I find the Petition to be without merit. Therefore, it should be dismissed.

## II.     STANDARD OF REVIEW

In the interests of finality and federalism, federal habeas courts, under the AEDPA, are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is contrary to federal law if the state court arrived "at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court identifies the correct governing legal principle from the Supreme Court's

4

decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, in order for relief to issue. *Williams*, 529 U.S. at 404-05. Relief under § 2254(d) is authorized only when the petitioner can demonstrate the state court's ruling on the claim being presented was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *Harrington v. Richter*, 131 S. Ct. 770, 786-787 (2011).

### III.   ANALYSIS

#### A.   Sentence Enhancement

As the Arkansas Supreme Court ruled in Mr. Mason's case, "Parole-eligibility determinations by the ADC do not constitute a modification of a prison sentence." *Mason*, 453 S.W.3d at 682 (citing *Cridge v. Hobbs*, 2014 Ark. 153, No. CV-13-829, 2014 WL 1344404 (Apr. 3, 2014) (unpublished) (*per curiam*)). The statute in effect at the time of conviction provided that "any person who is found guilty of or pleads guilty or nolo contendere" to rape "shall not be eligible for parole or community punishment transfer . . . until the person serves seventy (70%) of the term of imprisonment to which the person is sentence." Ark. Code Ann. § 16-93-611(a)(1). Thus, Petitioner's argument is without merit.

#### B.   Balance of Power

Mr. Mason claims the ADC has "usurped the power of the judiciary" by not seeking a court

order to implement the delay of parole eligibility. The Arkansas Supreme Court squarely addressed this issue and held that "parole-eligibility determinations by the ADC do not constitute a modification of a prison sentence." *Mason*, 453 S.W.3d at 682. The court further held that determination of parole eligibility is within the province of the ADC, not with the sentencing court. *Id*. (citing *Aguilar v. Lester*, 2011 Ark. 329, No. 09-422, 2011 WL 3930362 (Sept. 8, 2011) (unpublished) (*per curiam*); *see also Pitts v. Hobbs*, 2013 Ark. 457, No. CV-11-106, 2013 WL 5968940 (Nov. 7, 2013) (unpublished) (*per curiam*). So, Petitioner's claim that the balance of power between the governmental branches was usurped is also without merit.

      C.    **Due Process**

In *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972), the United States Supreme Court held that a person released on parole had certain liberty interests that must be considered if a state was to revoke that person's parole. As such, it outlined the procedures a state must follow to ensure the person's procedural due process rights are followed. *Id*. at 485. However, the Supreme Court declined to extend that protection to situations where the state parole board denied a prisoner parole. *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 10 (1979). So, unless a state has created a liberty interest in parole, there is no constitutional due process right implicated in the denial of parole. *Id*. at 12; *Jago v. Van Curen*, 454 U.S. 14 (1981) (holding a petition for a writ of habeas corpus would be cognizable if the state created a right to parole).

Here, the threshold question is whether Arkansas created a right to parole. *Id*. at 21. For example, in *Jago*, even though the prisoner was denied parole without a hearing by the Ohio parole board, the Supreme Court held that since Ohio leaves parole decisions solely in the discretion of the parole board, the prisoner's constitutional due process rights were not violated. *Id*. The same holds true in Arkansas. As the court held in Mr. Mason's case, ". . . there is no constitutional right or

entitlement to parole that would invoke due-process protection. *Mason,* 453 S.W.3d at 681-682 (citing *Cridge*, 2014 Ark. 153; and *Michalek v. Lockhart*,730 S.W.2d 210 (1987)). So, it is clear that, unlike the case of *Greenholtz* in Nebraska, there is no due process right to parole in Arkansas.

As there is no constitutional right or entitlement to parole under Arkansas law outright, any supposed lack of notice by the Petitioner to the statute's applicability is inconsequential, and no violation of Petitioner's due process rights has been demonstrated. And Mr. Mason has not demonstrated the state court's application of clearly established federal law was objectively unreasonable. *Williams*, 529 U.S. at 404-05.

IV. **CONCLUSION**

After careful review of the pleadings, the Court concludes the Petition should be DISMISSED, and all pending motions should be DENIED as moot.

IT IS, THEREFORE, ORDERED that Mr. Mason's cause of action is DISMISSED with prejudice.

SO ORDERED this 11th day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE